IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHANEY INCORPORATED, <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No. 1:15cv1452 (GBL/JFA) ) ) ) ) ) ) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 8). Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") and the Trustees of the International Training Fund ("International Training Fund"). Each plaintiff seeks a default judgment against the defendant Chaney Incorporated ("Chaney"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On November 5, 2015, the plaintiffs filed this action alleging that Chaney breached a Collective Bargaining Agreement with the United Association Local Union No. 441 and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs, and for injunctive relief. (Docket no. 1). A summons was issued on November 5, 2015 (Docket no. 2), and the summons and complaint were served on Chaney on December 11, 2015 (Docket no.

5). In accordance with Federal Rule of Civil Procedure 12(a), a responsive pleading was due on January 4, 2016, 21 days after being served with the summons and complaint. The defendant failed to file a responsive pleading in a timely manner. On January 28, 2016, the plaintiffs filed their request for entry of default. (Docket no. 6). The Clerk of Court entered default against the defendant pursuant to Federal Rule of Civil Procedure 55(a) on January 28, 2016. (Docket no. 7).

On April 15, 2016, the plaintiffs filed a motion for default judgment, a memorandum in support of the motion for default judgment, and a notice setting a hearing for April 22, 2016 at 10:00 a.m. (Docket nos. 8–10). The motion for default judgment was supported with two affidavits from William T. Sweeney, Jr. and a declaration by John R. Harney. (Docket no. 9). The motion for default judgment and supporting papers were served on the defendant by mail on April 15, 2016. (Docket nos. 8–10). On April 22, 2016, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of the defendant.

**Factual Background**

The following facts are established by the complaint (Docket no. 1) ("Compl.") and the affidavits and declaration attached as exhibits to the memorandum in support of the motion for default judgment (Docket no. 9). The Trustees of the Plumbers and Pipefitters National Pension Fund and the Trustees of the International Training Fund are trustees of multi-employer employee benefit plans as defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶¶ 1, 2). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the United Association Local Union No. 441 and the defendant. (Compl. ¶ 1). The International Training Fund is established and maintained by a

Restated Trust Agreement and by a Collective Bargaining Agreement between the United Association Local Union No. 441 and the defendant. (Compl. ¶ 2). The National Pension Fund and the International Training Fund are administered in Alexandria, Virginia. (Compl. ¶¶ 1, 2). Chaney is a Kansas corporation with offices located in Lawrence, Kansas. (Compl. ¶ 3). At all times herein, Chaney was an "employer in an industry affecting commerce" as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); 29 U.S.C. §§ 142(1), (3) and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 3).

Plaintiffs bring this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Compl. ¶ 4). Defendant is a signatory to the Collective Bargaining Agreement with United Association Local Union No. 441 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the defendant. (Compl. ¶ 5). Pursuant to the Collective Bargaining Agreement, the defendant agreed to pay the National Pension Fund and the International Training Fund certain sums of money for each hour worked by employees of the defendant covered by the Collective Bargaining Agreement. (Compl. ¶¶ 6, 7). Plaintiffs claim that the defendant employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the National Pension Fund (Count I) and the International Training Fund (Count II) for work performed at the defendant's request. (Compl. ¶¶ 8, 9, 16). In Count III the plaintiffs also claim that the defendant has repeatedly failed to submit timely reports or contributions to the plaintiffs in violation of the requirements of the agreements with the plaintiffs and they seek an order enjoining violations of the terms of the employee benefit plans and require the defendant to submit timely contributions and reports to the plaintiffs. (Comp. ¶ 25).

**Count I - National Pension Fund**

The National Pension Fund asserts that the defendant failed to pay the amounts owed for contributions for the months of May 2015 through September 2015. (Compl. ¶ 9). The National Pension Fund alleges that the defendant failed to make contributions in the amount of $8,447.42 for the months of May 2015 through September 2015 pursuant to reports submitted by the defendant. (Compl. ¶ 10). The National Pension Fund also alleges that the defendant is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 5 that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the amount due if payment is not received by the due date. (Compl. ¶ 13). In accordance with that provision, defendant is obligated to pay the National Pension Fund $844.74 in liquidated damages for late payments. (Compl. ¶ 14). Furthermore, pursuant to the Restated Trust Agreement, interest is assessed at a rate of 12% per annum from the date the payment was due through the date of payment to the National Pension Fund. (Docket no. 9-1, Sweeney Affid. ¶ 10).

**Count II - International Training Fund**

In the complaint, the International Training Fund alleges that the defendant failed to submit reports to the International Training Fund for the months of May 2015 through September 2015. (Compl. ¶ 16). The International Training Fund alleges that the defendant failed to make contributions in the amount of $196.80 for the months of May 2015 through September 2015 pursuant to reports submitted by the defendant. (Compl. ¶ 17). The International Training Fund also alleges that the defendant is bound to the Restated Trust

Agreement that provides in Article VI, Section 6 that if an employer fails to file a report or make contributions within ten calendar days of the due date, the Trustees have the discretion to add liquidated damages in the amount of 20% of the amount due for each monthly report or payment past due to the amount owed by the employer. (Compl. ¶¶ 19, 20). In accordance with that provision, defendant is obligated to pay the International Training Fund $39.36 in liquidated damages for late payments. (Compl. ¶ 21). Pursuant to the Restated Trust Agreement, interest is assessed at a rate of 12% per annum from the due date through the date of payment to the International Training Fund. (Docket no. 9-2, Sweeney Affid. ¶ 11).

**Count III – Injunctive Relief**

In the complaint the plaintiffs assert that the defendant has repeatedly failed to submit timely reports or contributions in violation of the agreements between the plaintiffs and the defendant. (Compl. ¶ 25). In the affidavit submitted by Mr. Sweeney in support of the motion for default judgment, he states that since the filing of this lawsuit the defendant has failed to pay contributions for the months of October 2015 through February 2016. (Docket no. 9-1, Sweeney Affid. ¶ 12). Mr. Sweeney also states that the plaintiffs have been required to file multiple lawsuits against the defendant for unpaid contributions and that the court has entered three prior judgments against the defendant for contributions owned for various time periods from October 2013 through April 2015. (*Id.* at ¶13). Mr. Sweeney asserts that given the history of defendant's nonpayment of amounts due under the agreements and the legal obligation for the plaintiffs to provide benefits to Fund participants working for the defendant without regard to the receipt of the contribution owed by the defendant, that the plaintiffs are required to expend administrative and legal resources to monitor and to collect the amounts owed by the defendants

at a time in which the plaintiffs suffer from a funding shortfall. (*Id.* at ¶¶ 14–17). As such, Mr. Sweeney claims that the defendant's mounting delinquency irreparably harms the plaintiffs by undermining the financial stability of the plaintiff funds by interrupting the flow of pension contributions vital to actuarial soundness of the funds. (*Id.* at ¶18).

Plaintiffs assert that pursuant to 29 U.S.C. § 1132(g)(2), they are entitled to a judgment awarding: (1) the full amount of unpaid contributions; (2) liquidated damages; (3) interest; (4) reasonable attorney's fees and costs incurred in this action; and (5) an order requiring the defendant to submit timely contributions and reports to the plaintiffs.

## **Proposed Findings and Recommendations**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Federal Rule of Civil Procedure 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

Plaintiffs allege that this court has subject matter jurisdiction under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. ERISA Section 515 states that employers bound by collective bargaining agreements or multi-employer plans shall make contributions in accordance with the terms of the plans or agreements. LMRA Section 301 provides jurisdiction in the U.S. district courts for suits for violation of contracts between an employer and a labor organization. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e).

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Each plaintiff states that it is administered in Alexandria, Virginia. (Compl. ¶¶ 1, 2). On December 11, 2015, the summons and complaint were served in person on Roy G. Chaney, the president and registered agent of Chaney. (Docket no. 5). Venue is proper in this court and this court has personal jurisdiction over the defendant because each plaintiff fund is administered within the Alexandria Division of the Eastern District of Virginia and the defendant was served properly. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

### Grounds for Entry of Default

The complaint was served on Chaney's president and registered agent on December 11, 2015. (Docket no. 5). Pursuant to Federal Rule of Civil Procedure 12(a), a responsive pleading was due on January 4, 2016. After the defendant failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on January 28, 2016. (Docket no. 6). The Clerk of Court entered a default on January 28, 2016. (Docket no. 7).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the defendant.

### Liability and Measure of Damages

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive pleading and is in default, the defendant admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, the defendant failed to make contributions for the months of May 2015 through September 2015 to the National Pension Fund and to the International Training Fund. ERISA Section 515 provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

      (A) the unpaid contributions,

      (B) interest on the unpaid contributions,

      (C) an amount equal to the greater of —

          (i) interest on the unpaid contributions, or

          (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

      (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

      (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, the National Pension Fund submitted an affidavit of William T. Sweeney, Jr. with the motion for default judgment. (Docket no. 9-1). The International Training Fund also submitted an affidavit of William T. Sweeney, Jr. with the motion for default judgment. (Docket no. 9-2). In addition to the affidavits from Mr. Sweeney, the National Pension Fund submitted a declaration from John R. Harney detailing the attorney's fees and costs incurred in this action. (Docket no. 9-3).

The information contained in the affidavit of William T. Sweeney, Jr. submitted on behalf of the National Pension Fund establishes that the National Pension Fund is owed contributions in the amount of $8,447.42 for the months of May 2015 through September 2015; liquidated damages in the amount of $844.74 (calculated at 10% of the contributions found to be due); and interest at the rate of 12% from the date the payments were due through April 22, 2016, totaling $678.98. In addition, the declaration of John R. Harney details the attorney's fees

and costs incurred on behalf of the National Pension Fund in this matter. The total amount of the attorney's fees requested is $2,365.00 for 12 hours of attorney and paralegal time and the amount of costs requested is $626.29 for the filing fee, process server fee, and computerized research. The undersigned magistrate judge has reviewed the declaration of John R. Harney and the supporting documentation and recommends that the court find that the $2,365.00 requested for attorney's fees and the $626.29 requested for costs by the National Pension Fund are reasonable and should be paid by the defendant.[1]

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the National Pension Fund against the defendant on Count I in the complaint in the amounts shown below.

| Delinquent Contributions | $8,447.42 |
|---|---|
| Liquidated Damages | $844.73 |
| Accrued Interest (4/22/2016) | $678.98 |
| Attorney's Fees | $2,365.00 |
| Costs | $626.29 |
| ***Total*** | **$12,962.42** |

---

[1] The Harney declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. However, because the defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by the National Pension Fund concerning the reasonableness of these fees as true. The amount of the fees and costs requested are consistent with fees and costs incurred and awarded by this court in similar cases.

The information contained in the affidavit of Mr. Sweeney submitted on behalf of the International Training Fund establishes that the International Training Fund is owed contributions for May 2015 through September 2015 totaling $196.80 and liquidated damages in the amount of $39.36 (calculated at 20% of the contributions found to be due). The International Pension Fund is also entitled to an award of interest on the unpaid contributions at the rate of 12% from the date the payments were due through April 22, 2016, totaling $15.89.

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the International Training Fund against the defendant on Count II in the complaint in the amounts shown below.

| Delinquent Contributions | $196.80 |
|---|---|
| Liquidated Damages | $39.36 |
| Accrued Interest (4/22/2016) | $15.89 |
| *Total* | **$252.05** |

In addition to monetary damages, the plaintiffs are pursuing their claim for injunctive relief in this motion for default judgment. As set forth in the memorandum in support of the motion for default judgment (Docket no. 9) and the affidavit of Mr. Sweeney (Docket no. 9-1), the defendant has a history of failing to pay its required contributions to the plaintiffs in a timely manner. This has required at least three separate lawsuits in the past several years in which this court has entered default judgments against the defendant for unpaid contributions. While in a normal case the ability to recover money damages (including liquidated damages, interest, and attorney's fees and costs) would mitigate against a finding of irreparable harm, the plaintiffs have made a convincing argument in their memorandum that this is not a normal case. First,

Congress has given federal courts the authority to provide equitable relief to multiemployer plans to vindicate the provisions of ERISA. 29 U.S.C. § 1132(g)(2)(E). Second, the plaintiffs are required to provide the benefits available under the plans to the defendant's employees even if the defendant fails to pay the required contributions. Third, the defendant's history of failing to pay its required contributions in a timely manner over the past several years has forced the plaintiffs to file several actions to obtain judgments for the money they are owed. Finally, as described by Mr. Sweeney in his affidavit, the need to constantly monitor and attempt to control the defendant's growing delinquency undermines the financial stability of the funds by interrupting the flow of pension contributions.

Given the history of this defendant and the facts set out above, the undersigned recommends that the court find that the plaintiffs have satisfied the standards required for injunctive relief as set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). That is, without injunctive relief the plaintiffs will suffer irreparable harm, that the harm to the defendant in being required to comply with the agreements it has entered into is slight, that the plaintiffs have a strong likelihood of success on the merits, and that the public interest would be served by granting the injunctive relief requested by the plaintiffs.

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of the Trustees of the National Pension Fund against the defendant on Count I of the complaint in the amount of **$12,962.42** and that a default judgment be entered in favor of the Trustees of the International Training Fund against the defendant on Count II of the complaint in the amount of **$252.05**. In addition, the undersigned recommends that the request for injunctive relief be granted and that the defendant be ordered to provide all required

remittance reports and payment of contributions due for the months from October 2015 through the date of judgment to the plaintiffs in care of John R. Harney, counsel for the plaintiffs at his 4748 Wisconsin Avenue, N.W., Washington D.C. 20016 office within twenty (20) days of the entry of judgment and that the defendant shall remit all future required remittance reports and contributions due to the plaintiffs on a timely basis no later than the 20th day of the month following the end of the month contributions are due by delivering the remittance reports and contributions to the plaintiffs in care of John R. Harney, counsel for the plaintiffs at his 4748 Wisconsin Avenue, N.W., Washington D.C. 20016 office.

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Chaney Incorporated, 930 E. 27th Street, Lawrence, KS 66046 and to Roy G. Chaney, President and Registered Agent, Chaney Incorporated, 930 E. 27th Street, Lawrence, KS 66046 the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 22nd day of April, 2016.　　　　　　／s／ JFA
　　　　　　　　　　　　　　　　　　　　　　　John F. Anderson
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　John F. Anderson
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Alexandria, Virginia